## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEPHEN P. WALLACE, EDITH L. JACKSON, and LISA F. WALLACE, | ) ) ) | CASE NO. 4:06CV3214 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| JAMES M. KELLEY, JOAN GODLOVE, MICHAEL FREEMAN, MICHAEL KIRSCHNER, TRUST COMPANY OF OKLAHOMA, RONALD J. SAFFA, WILLIAM HARRISION, JAMES DIMON, JEFF KING, DAVID R. PAYNE, PATRICK JAGE, WINDY CITY PARTNERS, and JOHN DOES I - 10, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the following motions:

Filing No. 48    **Defendant David R. Payne's (1) Objection to Entry of Default Judgment; and (2) Motion to Dismiss; or, in the Alternative, (3) Motion for Summary Judgment;**

Filing No. 28    **Response to Petition** (by Patrick S. Jage, *Pro Se,* and Windy City Partners, LLC c/o Patrick S. Jage);

Filing No. 45    **Motion to Dismiss** (by defendants William B. Harrison, Jr., James Dimon, and Jeffrey B. King, collectively "the Chase Defendants");

Filing No. 39    **Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, Failure to State a Claim, and Improper Venue** (by defendants Trust Company of Oklahoma, "its shareholders and directors," and Ronald J. Saffa, individually and as a shareholder in Morrell, West, et al.;

Filing No. 44    **Defendant Michael Freeman's Motion to Dismiss and Brief in Support or, in the Alternative, Motion for Summary Judgment;**

| | |
|---|---|
| Filing No. 18 | **Defendant Michael Kirschner's Brief in Support of Motion to Dismiss or, in the Alternative, Motion for Summary Judgment;** |
| Filing No. 35 | **Stephen P. Wallace's Objection and Motion to Strike**; |
| Filing No. 36 | **Request for the Court to Take Judicial Notice** (by Plaintiff Stephen Wallace); |
| Filing No. 51 | **Mandatory Judicial Notice and Demand** (by Plaintiff Stephen Wallace); and |
| Filing No. 52 | **Second Mandatory Judicial Notice and Demand** (by Plaintiff Stephen Wallace). |

This is one of numerous cases brought by Stephen Wallace involving trust funds held in Oklahoma.[1] Many of the defendants are trustees or attorneys who have dealt with the trust assets. In their Motions to Dismiss the defendants request dismissal of the claims against them based on lack of subject matter jurisdiction, personal jurisdiction, improper venue, vexatious litigation, and failure to state a claim upon which relief may be granted. Plaintiffs have not responded to the Motions for Dismissal. For the reasons discussed further in this Memorandum and Order, it is clear from the record that plaintiffs have failed to state a claim upon which relief may be granted on the alleged violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO), which is the sole basis for federal jurisdiction.

---

[1] On June 17, 2004, the U.S. District Court for the Northern District of Oklahoma entered a sanction Order imposing filing restrictions upon Wallace. The U.S. Bankruptcy Court for the Northern District of Oklahoma entered an Order imposing similar filing restrictions against Wallace in 2002.

## DISCUSSION

**Standard of Review**

Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a claim if it is not one "upon which relief can be granted." In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true; and must liberally construe the complaint in the light most favorable to the plaintiff. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001); *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Young*, 244 F.3d at 627. Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Schmedding*, 187 F.3d at 864. Nevertheless, dismissal under Rule 12(b)(6) serves to cancel actions which contain fatal flaws in their legal premises, and thereby spare the parties to the inappropriate action the burden and expense of unnecessary pretrial and trial activities. *Young*, 244 F.3d at 627. Therefore, to avoid dismissal, a complaint must provide allegations sufficient to state a claim as a matter of law and not merely provide legal conclusions. *Id*.

    **A.    RICO CLAIM**

"To have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation." *Asa-Brandt, Inc. v. ADM Investor Services, Inc.*, 344 F.3d 738, 752 (8th Cir. 2003), *citing Hamm v. Rhone-Poulenc*

*Rorer Pharms., Inc.*, 187 F.3d 941, 951 (8th Cir. 1999). "Then a RICO plaintiff must prove the defendant 'engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity,'" *Id.*, (quoting *Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir. 1997)).

### 1). Enterprise

To prove that an enterprise exists, plaintiffs must show "a common or shared purpose, some continuity of personnel, and an ascertainable structure distinct from the pattern of racketeering." *Asa-Brandt, Inc.*, 344 F.3d at 752, *(*citing *Handeen,* 112 F.3d at 1351). A RICO plaintiff must show an "organizational pattern or system of authority" to demonstrate the existence of an enterprise. *U.S. v. Lemm*, 680 F.2d 1193, 1199 (8th Cir. 1982). Plaintiffs do not explain how the enterprise was controlled or directed, whether it served as an agent of other defendants, or how it fit into any organizational pattern or system of authority with the other defendants. The allegations against the defendants themselves are minimal. The plaintiffs merely state that Trust Company of Oklahoma and Windy City Partners are enterprises. (Complaint ¶ 34). Further, plaintiffs state that "the individual and corporate defendants, and other individuals not yet named as parties also constitute an 'enterprise.'" (Complaint ¶ 35). Plaintiffs have not alleged any facts demonstrating that there was a common or shared purpose among all the defendants, and even if a common or shared purpose among the defendants is inferred from the Complaint, plaintiffs have not alleged continuity of personnel or an ascertainable structure distinct from the alleged pattern of racketeering, sufficient to demonstrate the existence of an "enterprise."

### 2.) *Pattern of Racketeering Activity*

The complaint also fails to plead a "pattern of racketeering activity." To plead a "pattern," under RICO a plaintiff must demonstrate "continuity of racketeering activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 241 (1989). Furthermore to plead allegations of fraudulent conduct under Fed. R. Civ. P. 9(b) requires that "the circumstances constituting fraud . . . be stated with particularity." "Circumstances" include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982).

The totality of plaintiffs' allegations with respect to a pattern of racketeering activity is the statement that, the defendants "acting in covert, collusion" conspired to tortiously interfere with his contract with attorney James Kelley on or about April 5, 2006 (Complaint ¶ 36); and the allegation that defendants "have committed fraud on the court, breached their oath of office, all under color of law and color of authority . . . " (Complaint ¶ 44). These conclusory allegations reference isolated instances rather than patterned behavior, and lack any specificity as to time, place, contents of misrepresentations, or identity of the persons making the misrepresentations.

Because plaintiffs have not sufficiently alleged that defendants engaged in conduct of an enterprise through a pattern of racketeering activity, plaintiffs' RICO claim against defendants is subject to dismissal for failure to state a claim upon which relief may be granted.

### B. STATE LAW CLAIMS

The remainder of plaintiffs' claims arise under state law. The court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law when the court has dismissed the claim over which the court has original jurisdiction. In addition, 28 U.S.C. § 1367(d) tolled the limitations period for the state law claims, if any, against the individual defendants while this federal case was pending. I do not speculate as to whether plaintiffs have a cause of action under state law which they may bring in a state court. However, any such state-law claims in this case will be dismissed without prejudice.

IT IS ORDERED:

1. That defendants' Motions to Dismiss (Filing Nos. 48, 28, 45, 39, 18 & 44) are granted;

2. Wallace's Motion to Strike (Filing No. 35), Request for the Court to Take Judicial Notice (Filing No. 36), Mandatory Judicial Notice and Demand (Filing No. 51), and Second Mandatory Judicial Notice and Demand (Filing No. 52) are denied as moot;

3. Plaintiffs' complaint is dismissed without prejudice;

4. Any other pending motions are denied as moot;

5. The parties will bear their own costs and fees unless otherwise agreed between them.

DATED this 18th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge