**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| STEPHEN P. WALLACE, et. al., | ) | CASE NO. 4:06CV3214 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JAMES M. KELLEY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants', The Trust of Oklahoma (Trust Company) and Ronald J. Saffa, Motion for Release or Discharge of Lis Pendens, Award of Attorney's Fees and for an Injunction (Filing No. 69), Plaintiff Stephen P. Wallace's Objection (Filing No. 72), and Plaintiff Edith Jackson's Objection and Motion to Strike (Filing No. 75).

**FACTUAL BACKGROUND**

Plaintiffs filed this action on September 12, 2006, asserting violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO) and various state law claims. (Filing No. 1). On December 18, 2006, this Court entered a Memorandum and Order granting the Defendants' Motion to Dismiss, finding that the Plaintiffs failed to state a claim upon which relief may be granted on the alleged violation of the RICO Act, and declining to exercise supplemental jurisdiction over the state law claims. (Filing No. 57). The Plaintiffs filed two Motions to Vacate and Set Aside Judgment (Filing Nos. 59 & 62). The Court denied both motions. (Filing Nos. 61 & 64). The Plaintiffs did not file a direct appeal.

Trust Company and Saffa administer trusts located in Oklahoma. (Filing No. 70 Declaration of James Milton at ¶ 4)[1]. After Defendants sought instructions on July 1, 2005, and August 26, 2005, from the District Court of Tulsa County regarding the administration of these trusts, the Court entered orders approving certain real-estate sales by the District Court of Tulsa County. (Milton Decl. at ¶ 4-5). Plaintiff, Stephen Wallace, was a party to the proceedings in which these real estate sales were approved. Wallace appealed the orders to the Oklahoma Court of Appeals. (Milton Decl. at ¶ 6 Exh. 4 & 5). On December 22, 2006, the state court orders approving the real estate sales were affirmed by the Oklahoma Court of Civil Appeals. (Milton Decl. at ¶ 11, Exh. 7). On March 26, 2007, the Oklahoma Supreme Court issued mandates affirming both appeals. (Milton Decl. at ¶ 11 Ex 9 & 10).

On December 29, 2006, eleven days after this Court dismissed Plaintiffs' complaint, Plaintiff, Edith Jackson, recorded a notice of lis pendens in the Tulsa County land records, stating that she "has filed a Federal lawsuit in the U.S. District Court for the District of Nebraska in Case No. 4:06cv3214 involving her claims and interest in the following properties." Plaintiff went on to identify the properties involved in the state court actions. (Milton Decl. at ¶ 10 Exh. 6).

## DISCUSSION

**I.  Defendants' Motion for Discharge of Lis Pendens**

The Defendants request that the Court enter an order releasing and discharging the lis pendens filed by Edith Jackson. Plaintiffs Jackson and Wallace filed separate

---

[1] Hereafter referred to as Milton Decl.

objections to the Defendants' motion. The objections were not responsive to the Defendants' allegations and failed to assert any reason why Plaintiff Jackson filed a notice of lis pendens eleven days after the dismissal of this case.

"The cancellation of the notices of lis pendens [is] no more than enforcement of the court's judgment" and "district court retains jurisdiction to 'enforce its judgment so long as the judgment has not been stayed or superseded.'" *American Town Center v. Hall 83 Assocs.*, 912 F.2d 104, 110-111 (6th Cir. 1990).

Oklahoma law applies to the release or cancellation of a lis pendens on real property located in Oklahoma. *White v. Wensauer*, 702 P.2d 15 (1985 Okla.). The recording of a lis pendens is governed by Okla. Stat. tit. 12, § 2004.2.[2] On its face, the statute does not provide for the release or discharge of the lis pendens. However, the Oklahoma Supreme Court explained in *White* that:

> the doctrine of lis pendens is...subject to equitable principles. If the operation of lis pendens should prove harsh or arbitrary in some particular instance, equity can and should refuse to give it effect...Because Oklahoma's statutory scheme does not expressly provide the legal norms that govern in a proceeding to discharge notice of lis pendens, we hold that the trial court must balance the equities to determine whether, in a particular case, the application of the doctrine is harsh or arbitrary and whether cancellation of lis pendens would result in prejudice to the nonpetitioning party.

*White*, 702 P.2d at 18.

---

[2]The statute states:
 Upon the filing of a petition, the action is pending so as to charge third persons with notice of its pendency. While an action is pending, no third person shall acquire an interest in the subject matter of the suit as against the prevailing party's title; except that: action, is filed of record in the office of the county clerk of the county wherein the land is situated
Okla. Stat. tit. 12, § 2004.2(A)(1).

3

The Defendants argue that operation of the lis pendens is harsh or arbitrary because it threatens to disrupt real-estate sales that were approved by the state trial court and affirmed on appeal. The Defendants' argument is persuasive. Continued operation of the lis pendens would serve only to stymie the rulings by the Oklahoma courts. Furthermore, cancellation of the lis pendens would not prejudice the Plaintiffs. The Plaintiffs had every opportunity to fully litigate their claims against the Defendants. On July 1, 2005, and August 26, 2005, the District Court of Tulsa County entered orders approving the real-estate sales by the District Court of Tulsa County. Stephen Wallace was a party to these proceedings. The Oklahoma Court of Civil Appeals affirmed these orders. The Oklahoma Supreme Court issued mandates ordering enforcement of the lower court rulings. And, in fact, the doctrines of claim preclusion and issue preclusion prevent the Plaintiffs from attempting to re-litigate the judgments rendered by the Oklahoma Courts. *See Kapp v. Naturelle, Inc.*, 611 F.2d 703, 707 (8th Cir. 1979) (stating that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action") and *Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996) (stating that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case"). Accordingly, because I find that continued operation of the lis pendens is harsh and that its cancellation would not prejudice the Plaintiffs, the Defendants' Motion to Release the Lis Pendens is granted.

**II.     Defendants' Motion for an Award of Attorney's Fees and Injunction**

The Defendants move for an award of attorney's fees against Plaintiff Edith Jackson pursuant to 28 U.S.C. § 1927, or in the alternative under the inherent power of the court.

28 U.S.C. § 1927 states:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Several courts of appeals have considered whether 28 U.S.C. § 1927 applies to pro se litigants. *See, e.g. Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991)) (holding that § 1927 is applicable to pro se plaintiffs); *see also Brown v. Adidas Int.*, 938 F. Supp. 628 (S.D. Cal.1996) (holding that § 1927 is applicable to pro se plaintiffs); *contra Sassower v. Field*, 973 F.2d 75, 80 (2nd Cir.1992) (emphasis added), cert. denied, 507 U.S. 1043 (1993)(holding that pro-se litigants are not included within the phrase "other person admitted to conduct cases" in § 1927); *Meadowbriar Home for Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 535 (5th Cir.1996) (holding that § 1927 applies not to parties but rather to the parties' attorneys); *see also Alexander v. U.S.*, 121 F.3d 312, 316 (7th Cir.1997) (noting circuit split on whether § 1927 applies to pro se litigants and deciding to impose sanctions under court's inherent powers).

The Eighth Circuit Court of Appeals has not considered the applicability of 28 U.S.C. § 1927 to pro se litigants, however, this Court will follow the approach of the Ninth Circuit Court of Appeals and apply the statute to pro se litigants. In the alternative, the Court will assess fees against the Plaintiff pursuant to the inherent power of the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (holding that a court may assess attorney's fees when a party has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *(citing Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-259 (1975)

5

(*quoting F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974))).

Plaintiff Jackson filed the notice of lis pendens eleven days after a Memorandum and Order dismissing this action was entered. The Plaintiff was clearly aware that the action was dismissed, and the filing of the notice of lis pendens was a bad faith attempt to oppress the Defendants and circumvent judgments entered by the Tulsa Oklahoma District Court, the Oklahoma Court of Civil Appeals, and this Court. Moreover, the record in this case shows that this is not an isolated incident, rather, the Plaintiffs in this action have had a long history of using the courts in bad faith to harass the Defendants.[3] Therefore, I find that the Defendants shall be awarded their attorney's fees in bringing this motion before the Court. Furthermore, the Court will grant Defendants' request for an injunction and enjoin the Plaintiffs from filing any document, including any lis pendens notice, with any governmental office wherever situated concerning any purported claim, lien, right, title or other asserted interest, arising out of or relating to this case, in any real property.

---

[3] On June 17, 2004 the U.S. District Court for the Northern District of Oklahoma entered a sanctions order against Plaintiff Wallace that among other things, imposed filing restrictions upon him for the purpose of preventing "the further filing of frivolous or malicious actions by Wallace." (Filing No. 40 Exhibit 21). Similar filing restrictions were entered against Wallace in the U.S. Bankruptcy Court for the Northern District of Oklahoma. *In re Wallace*, 288 B.R. 139, 148-49 (Bankr. N.D.Okla. 2002). Plaintiff currently has three actions pending in the U.S. District Court for the District of Columbia involving the trustees in this case, attorneys and various state court judges. (Filing No. Exhibit 5, 30, & 31). Further, On April 21, 2004 the District Court of Tulsa County entered a Temporary Restraining Order prohibiting Wallace from recording documents in the nature of lis pendens regarding trust property. (Milton Decl. at ¶ 12 Ex. 11).

THEREFORE, IT IS ORDERED:

1. That the Defendants' Motion to Release or Discharge Lis Pendens, Award of Attorney's Fees and for an Injunction (Filing No. 69) is granted;

   i. The Defendants are given until August 16, 2007 to file their application for expenses and fees;

   ii. The Plaintiff is given until August 24, 2007 to file her response to the application for fees; and

   iii. Based on these submissions, the Court will enter an order awarding the Defendants their attorney's fees and expenses.

2. The Plaintiffs Stephen Wallace and Edith Jackson are enjoined from filing any document, including any lis pendens notice, with any governmental office wherever situated concerning any purported claim, lien, right, title or other asserted interest, arising out of or relating to this case, in any real property;

3. That Plaintiff Stephen Wallace's Objection to the Motion (Filing No. 72) is denied; and

4. That Plaintiff Edith Jackson's Motion to Strike Reply Brief (Filing No. 75) is denied.

DATED this 1st day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge