IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEPHEN P. WALLACE, et al., | ) | CASE NO. 4:06CV3214 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |
| JAMES M. KELLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff's complaint, filed on September 12, 2006, alleged the defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO) and various state laws with respect to administering trusts located in Oklahoma. The rest of these trusts includes Oklahoma real estate. (Filing No. 1).

On December 18, 2006, the court entered a memorandum and order dismissing the plaintiff's RICO claim for failing to state a claim on which relief may be granted. The court declined to exercise supplemental jurisdiction over the state law claims and dismissed these claims without prejudice. Eleven days later, the plaintiffs filed lis pendens on Oklahoma real estate held in trust as notice that claims and interests in the properties were being litigated in this federal lawsuit. The lis pendens were signed by plaintiff Edith Jackson.

The defendants filed a motion to discharge the lis pendens, with supporting evidence and brief, on May 1, 2007. Filing No. 69. The plaintiff filed an objection to the motion on May 11, 2007. The plaintiffs' objection raised claims of criminal collusion and embezzlement, and asked the court to appoint a receiver, appoint an interim trustee, and order the defendants to submit to a forensic audit. Filing No. 72. The defendants

addressed the plaintiffs' arguments by filing a reply brief and additional supporting evidence. Filing Nos. 73 & 74. The plaintiffs filed an objection to the defendants' reply. Filing No. 75. The defendants filed a straightforward and concise objection to the plaintiffs' objection. Filing No. 76. The plaintiffs responded by filing a 40-page brief and motion for summary judgment. Filing No. 77. No response was filed by the defendants.

The plaintiffs' filings in opposition to the motion to discharge lis pendens and in support of their motion to vacate the court's discharge order were signed by either plaintiff Edith Jackson, or plaintiff Stephen Wallace, or both.

On August 1, 2007, the court entered an order granting the defendants' motion to release the lis pendens. The court further held that plaintiffs' act of filing notice of lis pendens was "a bad faith attempt to oppress the Defendants and circumvent judgments entered by the Tulsa Oklahoma District Court, the Oklahoma Court of Civil Appeals, and this Court." Filing No. 78, p. 6. The court held that the defendants were entitled to recover the attorney's fees incurred in filing and litigating the motion for release or discharge of lis pendens. Filing No. 78. The defendants were given leave to submit an attorney fee application.

The plaintiffs filed a motion to vacate the court's ruling to discharge the lis pendens. Filing No. 81. Their motion alleges they were not given notice of the lis pendens discharge proceedings filed in this court and the order discharging the lis pendens. The plaintiffs' motion to vacate further alleges the undersigned judge and Magistrate Judge Gossett violated federal criminal statutes and unlawfully discharged the lis pendens. The motion seeks an order reinstating the lis pendens. Filing No. 81, p. 2. The defendants filed a

concise response to the plaintiffs' motion to vacate. Filing No. 83. The plaintiffs' motion to vacate, (Filing No. 81), lacks merit.

The defendants filed an application for an award of attorney fees with supporting evidence. Filing No. 85. The total award requested is $10,430.38; $94.38 for actual expenses in incurred, with the remainder being attorney fees. The attorney fee portion is based on an hourly rate of $170.00 per hour for the services of Michael R. Everdsen, an Omaha attorney with seven years experience, who spent 46.2 hours filing the motion to discharge the lis pendens, responding to the plaintiffs' oppositions to that motion and their motion to vacate the court's discharge order, and completing the fee application now at issue. James Milton, an Oklahoma attorney with twelve years of experience, contributed 12.2 hours of legal work at $200.00 per hour, and Bryan Nowlin, an Oklahoma attorney with one-year of experience, performed .3 hours of work at $140.00 an hour on issues related to discharging the lis pendens. Filing No. 80-2 (Eversden declaration); Filing No. 80-3 (Milton declaration); Filing No. 85; Filing No. 86 (Eversden billing statements). The plaintiffs' response to the attorney fee and expense application does not challenge the hours spent by the attorneys or their hourly rate. The plaintiffs do not claim they are unable to pay or will encounter significant financial hardship if required the pay the amount requested.

The plaintiffs raised several issues in response to the defendants' motion to discharge the lis pendens, and they filed a motion to vacate the court's order of discharge. The defendants were required to file responsive briefs and evidence. The responses filed by defendants' counsel, and the hours of attorney work expended to formulate and present these responses to the court, were reasonable and not disproportionate to the severity of

3

the plaintiffs' allegations or the issues raised. Although the defendants are requesting attorney fees for both Nebraska and Oklahoma counsel, including fees for communications exchanged between these attorneys, the plaintiffs chose to file a lawsuit in a Nebraska court over Oklahoma trusts that were already the subject of litigation in the Oklahoma courts. That choice created the foreseeable and reasonable consequence that attorneys from both states would be required to work on this file and exchange communications in order to accurately present the defendants' case for resolution in this forum. Having evaluated the work performed to obtain a release of the lis pendens, the attorneys' background and experience, the level of experience needed for this case, and the rates charged in the attorneys' respective markets, the court finds that the hourly rates requested by defendants' counsel are reasonable and fair.

As to both Eversden and Milton, the work they performed was attorney work. However, the court will not grant the defendants an award for the 9 hours spent by Eversden to prepare this fee application, (totaling $1,530.00). The court further finds that the $42.00 (.3 hours at $140.00 per hour) billed by attorney Nowlin described as "Received e-mail from J. C. Milton; download and e-mail filing in Northern District of Texas to Eversden" is work that could have been performed by legal support staff and not by an attorney. The court will not award the $42.00 requested as attorney fees for the services of Nowlin.

Finally, the court finds that the defendants reasonably and necessarily expended $94.38 for PACER access and downloads, Westlaw research, and photocopies. The court will award these expenses.

IT IS ORDERED:

1. The plaintiffs' motion to vacate, (Filing No. 81), is denied;

2. The defendants' attorney fee and expense application, (Filing No. 85), is granted in part and the defendants are awarded attorneys fees and expenses in the amount of $8,858.38;

3. The plaintiffs are jointly and severally liable for payment of the attorney fees and expenses awarded pursuant to this order; and

4. Judgment will be entered in accordance with this Memorandum and Order.

DATED this 14th day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge