IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEPHEN P. WALLACE, and <br> EDITH L. JACKSON, <br> <br> Plaintiffs, <br> <br> v. <br> <br> JAMES M. KELLEY, JOAN GODLOVE, <br> MICHAEL FREEMAN, individually and as <br> the shareholder of Freeman Law Group, <br> MICHAEL KIRSCHNER, individually <br> and as the shareholder of Kirschner Law <br> Firm, TRUST COMPANY OF OKLAHOMA, its <br> shareholders and directors, RONALD J. <br> SAFFA, individually and as a shareholder <br> in Morrel, West, Saffa, Craige & Hicks, Inc., <br> WILLIAM HARRISION, JAMES DIMON, JEFF <br> KING, DAVID R. PAYNE, individually and as <br> shareholder of D.R. Payne & Associates, <br> PATRICK JAGE, and WINDY CITY <br> PARTNERS LLC, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 4:06CV03214 <br> <br> <br> <br> <br> MEMORANDUM <br> AND ORDER |

Pending before me is the defendants' motion to correct or amend judgment, (Filing No. 90), and the plaintiffs' motion for disqualification, (Filing No. 92). For the reasons discussed below, the plaintiffs' motion to disqualify is denied, and the defendants' motion to correct or amend the judgment is granted.

<u>Motion to Disqualify</u>
(Filing No. 92)

The plaintiffs' motion to disqualify alleges the undersigned judge and Magistrate Judge F. A. Gossett violated federal criminal law by colluding with defendants' counsel and awarding attorney fees against the plaintiffs without affording the plaintiffs due process. The plaintiffs claim they were never served with the attorney fee application filed by

defense counsel and were therefore denied any notice or opportunity to respond to the fee application. They claim the court entered an order awarding fees to the defendant when it knew the plaintiffs had never been served with the defendants' fee application. See Filing Nos. 88 & 89.

With respect to Magistrate Judge Gossett, this case was not assigned to or supervised by Judge Gossett when the defendants filed their fee application, and Judge Gossett did not rule on the merits of that application. Any claim of misconduct by Judge Gossett lacks merit.

The plaintiffs have repeatedly raised factually unsupported claims of lack of notice, fraud, conspiracy, and judicial misconduct. See Filings 51, 59, 62, 65, 67, 72, 75, 77, 81, 87, 88, and 92. However, the court's record establishes that the plaintiffs were served with all the defendants' motions and their fee application. Certificates of service accompany all the defendants' court filings. Moreover, the plaintiffs filed responses to these filings, including a response to the defendants' motion to release and discharge the lis pendens, (see Filing Nos. 75 & 77), and a response to the defendants' application for attorney fees, (see Filing No. 87). The plaintiffs' allegations that they were never served with the defendants' fee application, and that the undersigned judge conspired with defendants' counsel and entered an ex parte order awarding attorneys fees against the plaintiffs, are false and sanctionable under Rule 11 of the Federal Rules of Civil Procedure.

There being no merit to the plaintiffs' motion to disqualify the undersigned judge or Magistrate Judge Gossett, the plaintiffs' motion is denied.

Motion to Correct or Amend Judgment
(Filing No. 90)

The defendants have moved to amend or correct the judgment in two respects. They ask that the judgment be amended specifically to name all the defendants in the caption, and they ask that the judgment clarify that the only plaintiffs liable for the attorney fee award are Stephen P. Wallace and Edith L. Jackson.

The caption of the plaintiffs' initial complaint named Stephen P. Wallace, Edith L. Jackson, and "Lisa F. Wallace, a developmentally disabled person, by and through her next friends, Stephen P. Wallace and Edith L. Jackson; and all those similarly situated" as plaintiffs. The body of the complaint alleges "Lisa F. Wallace is a resident of Oklahoma afflicted with Down syndrome." Filing No. 1, ¶ 3. Stephen P. Wallace purports to sign the complaint "Individually and as next friend of Lisa F. Wallace, and attorney-in-fact for Edith L. Jackson." Aside from the initial complaint, none of the filings thereafter was purportedly signed and filed on behalf of Lisa F. Wallace. As correctly noted by the defendants, neither Stephan P. Wallace nor Edith L. Jackson made any showing that they were authorized to file suit as the "next friend" of Lisa F. Wallace, and even had they done so, "a next friend cannot represent an incapacitated person without counsel." Filing No. 83, n. 1 (citing Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61-62 (2d Cir. 1990); Osei-Afriyie v. Medical College, 937 F.2d 876, 882-83 (3d Cir. 1991); Johns v. County of San Diego, 114 F.3d 874, 876-77 (9th Cir. 1997); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986); Brown v. Ortho Diagnostic Sys., Inc., 868 F. Supp. 168, 172 (E.D. Va. 1994); Shields v. Cape Fox Corp., 42 P.3d 1083, 1086 (Alaska 2002)). See also Wolfe v. Johanns, 2002 WL 475172, *1 (D.Neb. 2002)(Bataillon, J., presiding).

Accordingly, Lisa F. Wallace was never a plaintiff in this lawsuit, and any judgment entered against the plaintiffs herein cannot be assessed against her. To the extent that the court's docket sheet identifies Lisa F. Wallace as a plaintiff, the docket sheet will be corrected. Moreover, the caption and body of the judgment will be amended to identify the plaintiffs as only Stephen P. Wallace and Edith L. Jackson and, consistent with the court's prior memorandum and order, (Filing No. 88), clearly state that only plaintiffs Stephen P. Wallace and Edith L. Jackson are jointly and severally liable for the defendants' award of attorney fees.

The defendants further request that every defendant be specifically named in the caption of the judgment. The defendants explain that this correction is needed because they intend to register the judgment against Stephen Wallace and Edith Jackson in the land records of Tulsa County, Oklahoma, and to perfect this judgment lien under Oklahoma law, the judgment caption must name all the parties individually. The defendants want the judgment caption to be clarified in order to foreclose these litigious plaintiffs from challenging the validity of any judgment lien placed on their Oklahoma real estate.

The court will amend the judgment to identify all specifically named and served defendants in the caption. The defendants are identified in the caption in the capacity they were served and/or filed a response to the plaintiffs' complaint. However, although the plaintiffs' and defendants' captions also name "John Does 1 - 10 whose identities are not yet known" as defendants, the plaintiffs' complaint provides no specific description of who these unnamed defendants are, and no such defendants were ever served with the plaintiffs' complaint. Accordingly, the court's judgment is not entered in favor of and will not be amended to name any John Doe defendants.

IT IS ORDERED:

1. The plaintiffs' motion to disqualify, (Filing No. 92), is denied;

2. The defendants' motion to correct judgment or to alter or amend judgment, (Filing No. 90), is granted;

3. An amended judgment will be entered in accordance with this memorandum and order; and

4. The clerk shall correct the court's docket sheet to delete "Lisa F. Wallace, a developmentally disabled person, by and through her next friends, and all those similarly situated" as a named plaintiff in this case.

DATED this 7th day of January, 2008.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge